BALLIETT *et al., Appellants,* v. VEAL *et al.*

Division Two, June 22, 1897.

Will: CONSTRUCTION. A will that devises to Maria Mason, wife of Robert V. Mason, "all my property including my real estate" is *held* to create an absolute and unconditional vested estate in Mrs. Mason, although such clause is immediately followed by this one: "I desire the said Maria Mason and her daughter, Edith Mason, to have the exclusive benefit of the above bequeath estate free from any control of Robert V. Mason."

·*Appeal from Monroe Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*W. O. L. Jewett* for appellants.

(1)   Wills are to be construed as a whole.   *Partridge v. Cavender*, 96 Mo. 456.   (2) The intention of the testator as gathered from a consideration of the whole will is the polar star to guide in the interpretation.   *Small v. Field*, 102 Mo. 122.   (3) Every word must be given a meaning if possible.   Redfield on Wills [4 Ed.], 431.   Rule 16 given by Jarman as quoted by Redfield on Wills, page 427;   29 Am. and Eng. Ency. of Law, 371.   (4) If there is a conflict between two clauses, the last clause must govern.   Redfield on Wills [4 Ed.], 443, *et seq.;* Jarman on Wills, as quoted by Redfield on page 427.   (5) Precatory words, such as "desire" are just as strong as "devise and bequeath."   *Noe v. Kern*, 93 Mo. 367; *Schmucker's Estate v. Reel*, 61 Mo. 596.

*J. H. Whitecotton* and *R. N. Bodine* for respondents.

BURGESS, J.—This is an action between the plaintiff Mrs. Balliett, and the defendant Mrs. Veal, for the partition of a tract of land in Monroe county, Missouri, containing about two hundred acres.   There was judgment in the court below in favor of defendants from which plaintiffs appeal.

Both parties claim title under the last will and testament of Mary E. Garvin, which is as follows: "In the name of God, amen. I, Mary E. Garvin of Monroe county, State of Missouri (formerly of St. Louis, Mo.) being of sound mind and memory and knowing it is appointed unto man once to die, make this my last will and testament, viz.:   After all my just debts (if any) are provided for I will and bequeath to my friend (who has long lived with, helped, comforted and assisted me)

Maria Rachel Mason, wife of Robert V. Mason, all my property including my real estate. I desire the said Maria Rachel Mason and her daughter, Edith Hyter Mason, to have the exclusive benefit of the above bequeathed estate free from any control of Robert V. Mason; reserving, however, one dollar each to the children of my brother, Augustus Bringhurst. I give them no more in consequence of their neglect of me. Witness my hand and seal this seventeenth day of March, A. D. 1876.

"MARY E. GARVIN. [SEAL.]"

At the time of the death of the testatrix, she was the owner in fee of the land involved in this litigation. Mrs. Balliett is the daughter of Mrs. Veal, and is the same party mentioned in the will as Edith Hyter Mason, she having since the execution of the will, intermarried with her coplaintiff William Balliett. The defendant, Mrs. Veal, is the party mentioned in the will as Maria Rachel Mason, she having since its execution intermarried with her codefendant Francis M. Veal.

The trial court held that the defendant, Maria R. Veal, acquired under the will the absolute title in fee to all the land, and that the plaintiffs have no interest whatever in the same. The only question for our consideration is with respect to the correctness or incorrectness of that ruling.

Plaintiffs contend that Mrs. Balliett and Mrs. Veal each acquired by the will one undivided half interest in the land, while defendants contend that Mrs. Veal acquired the title absolutely.

This, of course, depends upon the intention of the testatrix to be gathered from the whole will. This is elementary law. The controlling feature of the will is, we think, that provision which reads as follows: "After all of my debts (if any) are provided for I will

and bequeath to my friend (who has long lived with, helped, comforted and assisted me), Maria Rachel Mason, wife of Robert V. Mason, all my property including my real estate." By this provision the testatrix disposed of all her property of every kind and description, with the exception of the nominal sum of $1 which she bequeathed to the children of her brother, Augustus Bringhurst. The devise of the land to Mrs. Mason was absolute and unconditional, and the fact that in a subsequent clause of the will it is said. "I desire the said Maria Rachel Mason and her daughter, Edith Hyter Mason, to have the exclusive benefit of of the above bequeathed estate free from any control of Robert V. Mason," does not, it seems to us, curtail the devise of Mrs. Mason, nor show an intention upon the part of the testatrix to give to the plaintiff, Mrs. Balliett, any interest in the land. If such had been her intention she certainly would have devised the land to Mrs. Mason and Edith Hyter Mason jointly, instead of giving it absolutely to Mrs. Mason. That clause simply shows the purpose of the bequest, that is, that the devisee and her daughter should have the benefit of the land free from any control of the husband, but it was not intended thereby to give the daughter any interest in the land itself.

The authorities cited by plaintiffs' counsel in his brief do not announce a different doctrine from that which is herein announced.

Finding no error in the record the judgment is affirmed.

GANTT, P. J., and SHERWOOD, J., concur.