MARTHA SETTLE et al. v. MARY KATHERINE SHAFER et al., Appellants.

Division Two, June 30, 1910.

1. **WILL: Rule of Construction: Subsequent Ambiguous Clause.** When the words of a will at the outset clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate to the first donee, that estate will not be cut down into a lesser estate by any subsequent provision unless the latter is equally clear.

2. ———: ———: ———: 'Absolute Estate in Personalty. The testator by his will, after having given twenty-five dollars to each of five daughters, devised and bequeathed to his wife all his househld goods, all stock on the farm, also "all notes, mortgages, moneys and other effects due me after the bequests hereinbefore named have been complied with. I also give, devise

and bequeath unto my beloved wife all lands, houses, . . . . to have and to hold during her natural life and after the death of my wife said lands, houses or all real estate, personal property shall be sold and the proceeds of such sale or sales be equally divided between my blood relatives or legal heirs. The probate court having the sole right to appoint an executor or executrix to take charge of said estate after the death of my beloved wife. Said executor shall have power to collect all notes, settle all mortgages, sell all lands and settle the entire estate according to the laws of the State of Missouri and my legal heirs then living to share and share alike." *Held*, that the will gave to the wife the notes, mortgages and all other personal property absolutely, and that absolute estate was not cut down into a life estate therein by the subsequent provisions as to the power of the executor, after the wife's death, to collect all notes, settle all mortgages, sell all lands and settle the entire estate and make equal distribution among his legal heirs.

Appeal from Randolph Circuit Court.—*Hon. E. W. Hinton,* Special Judge.

REVERSED AND REMANDED (*with directions*).

*Willard P. Cave* for appellant.

(1) The passing of an absolute interest in personalty is favored. "Although a life estate may be lawfully created in personal property, it is clear that the rule which favors the vesting of absolute estates in real property under a general devise, applies with additional force to bequests, and that where a reasonable construction of all the terms of a will discloses no contrary intention, an absolute interest passes to the legatee." Page on Wills, par. 597, p. 687; Gardner on Wills, sec. 127, p. 482; 30 Am. and Eng. Ency. Law (2 Ed.), p. 757. (2) Testator first gives the personal property in separate paragraphs, without qualification, to the widow; this, standing alone, vests an absolute estate. The next paragraph gives her the real estate for life only; this fact is very significant; if the intention of the testator had been to give a life

estate only in all the property, real and personal, would he not have said, "I give, devise and bequeath to my wife all my estate, real, personal and mixed, to have and hold for and during her natural life," etc.? (3) "It has become a settled rule of construction that when the words of the will in the first instance distinctly indicate an intent to make a clear gift, such gift is not to be cut down by any subsequent provision which is ambiguous or inferential and which is not equally as distinct as the former; or, the rule may be stated that a clear gift is not to be cut down by anything which does not, with reasonable certainty, indicate an intention to cut it down." 30 Am. and Eng. Ency. Law (2 Ed.), p. 687; Balliett v. Veal, 140 Mo. 187; Roberts v. Crume, 173 Mo. 572; Roth v. Rauschenbusch, 173 Mo. 582; Underwood v. Cave, 176 Mo. 1. (4) The clause defining the powers of the executor are general expressions only, and are only given to enable the estate to be administered properly.

*Fry & Rodgers* for respondents.

The rule in the construction of a will is to ascertain the true intent and meaning of the testator in framing his will. The courts have no right to make a new will for the testator, nor to say what he meant to do, nor what words the testator meant to use, but the true province of the court is to ascertain from the will what the testator meant by the words he actually used, and this intent must be gathered from the entire instrument. R. S. 1899, sec. 4650; Sanitarium v. McCune, 112 Mo. App. 337. The will before us does not give the widow the right to sell or dispose of any of the property absolutely, but it specifically provides that at the death of the widow a new executor shall be appointed, which said executor shall have power to collect all notes and settle the entire estate after the death of the widow. Louis v. Pittman, 101

Mo. 281; Bramell v. Cole, 136 Mo. 201; R. S. 1899, sec. 4592; Walton v. Drumtra, 152 Mo. 489; Roth v. Rauschenbusch, 173 Mo. 582. Taking the will all together there can be but one construction, and that is that both the real and personal property was given to the widow only for her natural life.

GANTT, P. J.—This is a suit brought in the circuit court of Randolph county by three daughters of Philip Shafer, deceased, against the widow and two other children of said Shafer, for a construction of his last will and testament.

Philip Shafer was married three times; the defendant Mary Wise was the only child of his first marriage; plaintiffs and the defendant Sarah Davis were children by the second marriage, and there were no children by the last marriage.

In 1869 Shafer was divorced in Iowa from his second wife and after the divorce she resided with her daughters until her death in 1905. After his divorce from his wife, Shafer conveyed to his four daughters of that marriage all the lands he then possessed, amounting to some three or four hundred acres and he gave them all of his money. He lived with these daughters, or some of them, for a short time, and then started in life anew by making rails and posts for his old neighbors. He afterwards married the present widow, Mary Katherine Shafer, and at the time of his death he had accumulated an estate consisting of 220 acres of land in Randolph county and some six or seven thousand dollars' worth of personal property, principally in notes. He left the following will, which was duly admitted to probate by the probate court of Randolph county:

"I, Philip Shafer, of Randolph county and State of Missouri, this the 30th day of August, 1887, being in good health and of sound and disposing mind, and being aware of the uncertainty of human life and be-

ing desirous of settling my worldly affairs and directing how the estates with which it has pleased God to bless me shall be disposed of after my decease, while I have strength and capacity to do so, I make, publish and declare this my last will and testament, revoking and making null and void all other wills and testaments by me heretofore made.

"I give and bequeath to each of my five daughters in current funds to be paid to each of them twelve months after my decease as follows, to-wit:

"To my daughter Mary Wise now residing at Fannin county, Texas, five hundred dollars.

"To my daughter Elizabeth Everhartt now residing in Monroe county, Missouri, twenty-five dollars.

"To my daughter Magdaline Mitchell now residing in Monroe county, Missouri, twenty-five dollars.

"To my daughter Martha Settle now residing in Moberly, Randolph county, Missouri, twenty-five dollars.

"To my daughter Sarah Davis now residing in Monroe county, Missouri, twenty-five dollars.

"I give, devise and bequeath unto my beloved wife, Mary Katherine Shafer, all my personal property consisting of all household goods and kitchen furniture, all stock of every description consisting of horses, cattle, hogs, sheep and fowls of every description upon my farms or premises at my decease.

"I also give and bequeath unto my beloved wife Mary Katherine Shafer all notes, mortgages, moneys or other effects due me after the provisions or bequests herein before named have been complied with concerning my legal heirs named in this will.

"I also give, devise and bequeath unto my beloved wife, Mary Katherine Shafer, all lands, houses, tenements and hereditaments hereto belonging or otherwise appertaining, to have and to hold during her natural life, and after the death of my beloved wife, said lands, houses or all real estate, personal prop-

erty shall be sold and the proceeds of such sale or sales be divided equally between my blood relatives or legal heirs, the probate court having the sole right to appoint an executor or executrix to take charge of said estate after the death of my beloved wife Mary Katherine Shafer.

"Said executor shall have power to collect all notes, settle all mortgages, sell all lands and settle the entire estate according to the laws of the State of Missouri, and my legal heirs then living to share and share alike.

"And I do hereby constitute and appoint my said wife, Mary Katherine Shafer, sole executrix of this my last will and testament. In witness whereof I have hereunto set my hand and seal the day and year above written, with request that no security shall be required of my wife."

The extrinsic facts shown in evidence throw little or no light upon the meaning which should be ascribed to the testator's will. The learned circuit court construed the will to give an express life estate to the widow, Mary Katherine Shafer, in all the lands of which the testator died seized, and also construed the will to give the widow a life estate only in the personal property of the testator, with the remainder to his five daughters, subject to the life estate of the widow and subject to the power of sale therein conferred upon the executor *de bonis non*, and it is from this judgment and decree that the widow has appealed to this court.

While Mrs. Wise and Mrs. Davis, two of the daughters, were made parties defendant in the circuit court, Mrs. Wise filed her separate answer, in which she alleged that she had theretofore sold and conveyed all of her right, title and interest in and to the estate of her father to the widow, Mrs. Shafer, and the defendants offered and read in evidence deeds from Mrs. Davis and her husband and Mrs. Wise and her

husband to the widow, Mrs. Shafer, to all their interest in the estate of their father.

I. The only question for solution at this time is the proper construction of the provisions of the will as to the personal estate. That is to say, whether the widow took an absolute interest in all the personalty, or only a life estate, as held by the circuit court. The items of the will which must control the determination of this question are as follows:

"I give, devise and bequeath unto my beloved wife, Mary Katherine Shafer, all my personal property consisting of all household goods and kitchen furniture, all stock of every description consisting of horses, cattle, hogs, sheep and fowls of every description upon my farm or premises at my decease. I also give and bequeath unto my beloved wife, Mary Katherine Shafer, all notes, mortgages, moneys or other effects due me after the provisions or bequests hereinbefore named have been complied with concerning my legal heirs named in this will. I also give, devise and bequeath unto my beloved wife, Mary Katherine Shafer, all lands, houses, tenements and hereditaments thereto belonging or otherwise appertaining to have and to hold during her natural life and after the death of my wife, said lands, houses, or real estate, personal property shall be sold and the proceeds of such sale or sales be divided equally between my blood relatives or legal heirs. The probate court having the sole right to appoint an executor or executrix to take charge of said estate after the death of my beloved wife, Mary Katherine Shafer. Said executor shall have power to collect all notes, settle all mortgages, sell all lands and settle the entire estate according to the laws of the State of Missouri and my legal heirs then living to share and share alike."

The fundamental rule in the construction of wills is that the intention of the testator, if not in conflict

with public policy or some established rule of law, must control.

This general principle is embodied in our statute, section 4650, Revised Statutes 1899, which provides: "All courts and others concerned in the execution of last wills, shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them."

In this State another rule is equally settled, to-wit, that in the interpretation of the will, the intention of the testator as gathered from the whole will shall control. And in arriving at such intention the relation of testator to the beneficiary named in the will and the circumstances surrounding him at the time of its execution may be taken into consideration. [McMillan v. Farrow, 141 Mo. 62.]

Another canon for the construction of the words of a will is that when the words of a will at the outset clearly indicate a disposition in the testator to give the entire interest, use and benefit of the estate devised absolutely to the first donee, that estate will not be cut down by any subsequent provision unless the latter is equally clear. That is to say, a clear gift is not to be cut down by anything which does not with reasonable certainty indicate an intention to cut it down. [30 Am. and Eng. Ency. Law (2 Ed.), 748, and cases cited: Balliett v. Veal, 140 Mo. 187; Small v. Field, 102 Mo. 127; Roberts v. Crume, 173 Mo. l. c. 580.]

Applying these well-settled rules to the will before us, it is perfectly obvious that the legacy bequeathed to the defendant Mrs. Mary C. Shafer of the personal property of the testator was an unqualified and absolute gift without any qualifications whatever, and this the circuit court conceded if those items of the will stood alone, but he considered that the subsequent clauses of the will providing for the appointment by the probate court of an executor after the death of his wife, to take charge of said estate and to

sell the same for division among his heirs and giving said executor the power to collect all notes, settle all mortgages, sell all lands and settle the entire estate, placed the personal property on the same basis as his lands, and his intent was to give his wife merely a life estate in the personal property. But when this clause devising the real estate is carefully noted we think it will be apparent that the controlling thought in the mind of the testator was that his wife should have a life estate in all of his lands, and at her death it was his will that an executor should be appointed to sell the same and divide the proceeds among his five daughters share and share alike. There is nothing whatever in the language of this paragraph or item of the will that in any manner evinces a desire to cut down the estate which he had given her in his personal property. The language in regard to collecting notes and settling mortgages is of the most general character, and it is only by inference of the most doubtful character that we can make it refer to the personal property which the testator had given absolutely to his wife. Certainly if we are to still adhere to the rule so often announced by this court, in order to deprive the widow of the personal estate which her husband had given her in such plain, positive and unequivocal language, he must have in his subsequent disposition of his property used equally unambiguous language to cut down the estate which he had already given to her, or, as said by SHERWOOD, J., in Small v. Field, 102 Mo. 127, the absolute estate granted to the widow "could not be impaired, cut down or qualified except by words as affirmatively strong as those which conveyed the estate to her." Concede that there is language which authorized the executor who was to be appointed after the death of Mrs. Shafer, to collect notes and foreclose mortgages, etc., there is not the slightest allusion in these general words indicating that he meant thereby the mortgages and

notes which he had in emphatic and unmistakable words already given and granted to his wife. Certainly it can be said that the language used by the testator here was not equally as clear or as affirmatively strong as the language used by him in granting her the personal property and choses in action. Had the testator intended to give his wife merely a life estate only in the personal estate, as he did in the real estate, how easy it would have been to have said: ''I give, devise and bequeath to my wife all my estate, real, personal and mixed, to have and to hold during her natural life.'' In our opinion the testator gave and intended to give to his wife his personal property and choses in action absolutely, and by the subsequent language used in the will in connection with the disposition of his real estate and providing for a sale thereof by a subsequently appointed executor after the death of his wife, he did not intend to cut down and qualify the estate which he had given to her in his personal property and choses in action.

It follows that the judgment of the circuit court should be reversed and the cause remanded with directions to the circuit court to enter a decree in conformity with the view herein expressed. *Burgess* and *Fox, JJ.*, concur.