J. H. GUNN, ADMINISTRATOR, ETC., RESPONDENT, v. DAN W. YANCEY ET AL., DEFENDANTS; LIONEL LEE YANCEY, APPELLANT.*—33 S. W. (2d) 1030.

Kansas City Court of Appeals. January 5, 1931.

*John H. Windsor* for respondent.

*Charles W. Journey* and *L. O. Schaumburg* for appellant.

*Roy D. Williams* for respondent Millie Neely.

BOYER, C.—This is a suit to construe the will of David Walker Yancey, which is in words and figures as follows:

> "Quarters No. 11, Ward No. 36,
> "Walter Reed General Hospital,
> "Medical Dep't U. S. Army,
> "Washington, Sept. 22, 1924.

"To Mr. J. H. Gunn, Cashier,
"The Bank of Otterville,
"Otterville, Missouri.
"My Dear Henry:
"(1) I have no estate to speak of, as you well know, but when I die I want what little I may then possess to go to my sister

Maggie H. Yancey, of Missouri, and to my nephew Lionel Lee Yancey of Montana, as hereinafter in this letter directed, and this letter is therefore my last will and testament and you are requested to act as the executor thereof.

"(2) Please see to it that the Government pays the sums and performs the services provided by law, as to deceased ex-service men, and please give the flag from my casket to Lionel Lee Yancey. Please also secure from the Quartermaster General of the Army, Washington D. C. and have erected, the headstone provided by law to be furnished. I wish to be buried at Otterville.

"(3) I have ten thousand dollars Government war risk life insurance, the Certificate being No. T-4-139-578, and my sister Maggie H. Yancey, is the sole beneficiary thereof. The U. S. Veterans Bureau, Washington, D. C. now administer these insurance matters. The insurance will be paid to my sister in monthly installments of $57.50.

"(4) I own Lot 4, and South thirty feet of Lot 5, in Block 12 of Burchams Addition to Otterville, which I hereby devise and bequeath to my sister Maggie H. Yancey.

"(5) I have applied through the Adjutant Generals office to the U. S. Veterans Bureau for the paid up life insurance policy due me as adjusted compensation for service in the World War. The policy has not yet been issued to me and I therefore cannot now forward it to you or give you the number thereof, but my application for the insurance is No. 1-035-268, A. G. O. The policy will be sent to you when issued to me, or you can trace it by giving the number to the Adjutant General of the Army, Washington, D. C. My estate is named as the beneficiary in this insurance, and the proceeds thereof, and of all other insurance, and also all my books, papers, medals, and commissions, and all and singular all other property, of whatsoever kind, wheresoever located, I hereby devise and bequeath to my nephew Lionel Lee Yancey.

"(6) I hope that after my debts are paid there will be a little something for Lionel Lee Yancey, at any rate I am doing the best I can for him. I hope that you will look after these things for me, but I also hope that it will be a long time before you get the chance. Good luck to you.

"Yours truly,
"DAVID WALKER YANCEY."

There was an attesting clause signed by two witnesses.

Plaintiff is the administrator *de bonis non,* c. t. a. and the defendants are the heirs at law of the testator, and Lionel Lee Yancey, one of the named legatees. There is no controverted fact in the case.

The petition states and the evidence shows that David Walker Yancey died January 18, 1925; that the above will was duly probated; that

plaintiff was appointed executor, administered the estate of deceased, made final settlement, and was discharged August 11, 1926; that thereafter Maggie H. Yancey, the beneficiary named in paragraph 3 of the will, departed this life; that no alternate beneficiary was named for the insurance mentioned in said paragraph of the will; that upon the death of the beneficiary of said insurance there remained an unpaid balance of $6485; that thereafter plaintiff was duly appointed administrator *de bonis non,* c. t. a. of the estate of David Walker Yancey and as such collected and now has in his possession the amount due upon said government insurance policy. The petition further states "that the plaintiff is in doubt whether, under the terms of the said will and of the insurance policy and the laws of the United States of America, the funds in his possession collected upon said policy of insurance should be divided between D'an W. Yancey, Sallie Y. McManus and Millie Neely, brother and sisters of the deceased, David Walker Yancey, or whether said fund should be paid to the nephew, Lionel Lee Yancey, and that there is a dispute between said defendants as to how said money should be distributed." The court was requested to construe the will and direct the proper distribution of said fund.

Defendant Millie Neely filed her separate answer in which it is stated in effect that the fund in question cannot be transmitted by will; that the document set out in plaintiff's petition purporting to be the will of the deceased does not distribute the insurance which passed to the estate of the deceased and should be distributed according to the laws of descent and distribution.

Lionel Lee Yancey answered in effect that the money in the hands of the administrator was bequeathed to him and joined in the prayer of plaintiff for a construction of the will, and requested the court to find that the heirs at law have no right, title or interest in the fund, and that the whole of said asset, after payment of costs, is payable solely to him as residuary legatee. The other defendants did not answer, made default, and are not here asserting any interest in the fund.

The court found and the evidence showed the facts above set out, and further that Maggie H. Yancey survived the testator and received payment of monthly installments of $57.50 under said policy of insurance until the time of her death; that said policy was issued to the testator during his military service with the United States and was a ten thousand dollar yearly renewable term insurance policy effective as of October 11, 1918; that the deceased had no other insurance in force at the time of making his will or at any time thereafter, except that mentioned in his will. The concluding part of the judgment is as follows:

"The court doth further find that the balance of the said government insurance in the sum of $6485 at the time the suit was brought

was not disposed of in the will of David Walker Yancey, deceased.

"Wherefore, it is ordered, adjudged and decreed that said remainder of said government insurance less legal costs and expenses, be distributed according to the laws of descent and distribution now in force in the State of Missouri, among the heirs at law of David Walker Yancey, deceased, said heirs at law being, Dan W. Yancey, Sallie Y. McManus and Millie Neely."

From the foregoing judgment Lionel Lee Yancey, the named legatee, duly appealed and contends, in his brief and argument, that under the law and the facts judgment should have been for him because, for various reasons assigned, the will was sufficient to and did bequeath all of the fund in question to him.

Respondent Millie Neely, and the administrator who files a brief as *amicus curiae,* contend to the contrary, and join issue with appellant upon the sole question of the sufficiency of the will to bequeath this portion of the testator's estate. They contend that testator died intestate in reference to the unpaid portion due upon the insurance policy in question, and that said fund belongs to the heirs at law of the testator and not to appellant.

### OPINION.

One of the issues raised by the answer of respondent Millie Neely, that the fund in question could not be transmitted by will, drops out of the case by abandonment. The parties now apparently agree that the fund in question is an asset of the estate of the deceased testator and that it could be transferred by will. In view of the Act of Congress it could not be contended otherwise. [Title 38 U. S. C. A., sec. 514; Coleman v. Harrison, 149 S. E. 141, 168 Ga. 849.]

The sole question on appeal is whether the words of the will are sufficient to show an intention on the part of the testator to dispose of all of his property, including this fund, and whether he did in fact so dispose of it by the terms of the will or died intestate as to this portion of his estate.

The briefs on both sides state well recognized rules applicable to the construction of a will. There is little difference as to questions of law and the main divergence between the parties arises over the manner in which the law should be applied to the admitted facts in the case. Among the rules announced and said to apply are, (1) the intention of the testator must be determined by the language used in the will; (2) the will must be construed as a whole; (3) all parts of it must be given effect unless a contrary intention appear; (4) the court will presume that the testator intended to dispose of the whole of his estate; (5) the presumption against partial intestacy is of no avail where a contrary intention appears; (6) where a gift is absolute it will not be cut down by subsequent ambiguous provisions; (7) the residuary clause will be

liberally construed so as to prevent partial intestacy unless a contrary intention appears; and (8) if the intention can be ascertained all technical rules of construction must give way.

No one in this case questions, nor could any one question successfully, the soundness of the rules announced. [Crowson v. Crowson, 19 S. W. (2d) 634; Paris v. Erisman, 300 S. W. 487; Settles v. Shaefer, 229 Mo. 561, 129 S. W. 897; Bond v. Riley, 317 Mo. 594, 269 S. W. 401; Givens v. Ott, 222 Mo. 395, 414, 417.] Section 555, Revised Statutes 1919, provides:

"All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them."

The foregoing statutory declaration has been the rule for the construction of wills in Missouri for almost a full century. Judicial pronouncements have consistently and universally given heed to this mandate and from it have evolved, stated, and reiterated the rule that the lawful intention of the testator must control. It is given a variety of significant names, and is called the first, the basic, the fundamental, the prime, and the polestar rule of construction.

Standing at the listening post thus designated by law, we are admonished to be alert with eye and ear and mind to discover and capture "true intent and meaning of the testator" and faithfully execute the last command of a departed soldier. We must read the entire will, and in so doing we find that we are unable to concur in the judgment of the trial court. In the beginning, we find in the first paragraph of the will what must be regarded as an unequivocal declaration that the testator desires to dispose of all of his property, and that it shall go to the two individuals named, and in accordance with the directions given. The testator says: "When I die, I want what little I may then possess to go to my sister Maggie H. Yancey, of Missouri, and to my nephew Lionel Lee Yancey of Montana, as hereinafter in this letter directed, and this letter is therefore my last will and testament." In the following paragraphs directions are given as to how the property shall be divided between the two individuals.

The third paragraph mentions the insurance from which the fund now in question was derived and refers to the fact that testator's sister is the beneficiary and that the insurance will be paid to her in monthly installments. In the next paragraph there is a further devise of real estate to the same sister.

In the fifth paragraph there is mention made of other so-called life insurance, or adjusted compensation for service in the World War, and concludes with these words:

"My estate is named as the beneficiary in this insurance, and the proceeds thereof, and of all other insurance, and also all my books, papers, medals, and commissions, and all and singular all other property, of whatsoever kind, wheresoever located, I hereby devise and bequeath to my nephew Lionel Lee Yancey."

In the concluding paragraph the testator expresses the hope that after the payment of his debts there would be something for his nephew and says: "At any rate, I am doing the best I can for him."

The intention of the testator appears quite clear to us, and we are wholly unable to decipher anything doubtful or ambiguous about it. The initial declaration to give all of his property to his sister and to his nephew, together with the language of the residuary clause in favor of the nephew, and the final statement that he was doing the best he could for the nephew, manifest a purpose not of partial intestacy but to direct a complete devolution of testator's estate. Such intention is shown by the language of the will.

Further, the insistence of respondents that the presumption against partial intestacy is of no avail where the language of the testator shows a contrary intention can find no application to this case. There is not a single word or sentence in the entire document which could indicate an intention of partial intestacy, but on the other hand we think the words used clearly express the contrary intention and are sufficient to dispose of the whole estate. The presumption against partial intestacy applies with full vigor. [Bond v. Riley, supra.]

We are unable to see the application of the suggestion made by respondents in reference to a gift absolute being cut down by a subsequent ambiguous provision. It appears to be the idea of respondents that the residuary clause in this will cannot be effective in reference to the fund in question because it in some way conflicts with the bequeath indicated in paragraph 3. It is not contended, however, that by paragraph 3 the testator made a gift of the fund unpaid at the time of his sister's death, but it is contended that he in fact died intestate as to that fund. It is also contended that the words "all other insurance" used in the residuary clause of paragraph 5 refer to the insurance mentioned in that paragraph. We cannot follow or give any effect to the argument, and rule the contention adversely to respondents.

Respondents further contend that if the testator did in fact desire his nephew to have the remainder of the War Risk Insurance, in event of the death of the named beneficiary, it would have been easy for him to have said so. We think the testator did say so; and further, the fact that the testator did not mention any other heir at law or any blood relative than the two named, is persuasive to our minds that he did not intend for them to receive anything from his estate.

We hold and rule that by the terms of the will in question the testator bequeathed and devised his entire estate; that it was his intention to give, and he did give, all of his estate to his nephew, other than the part received by his sister; and that under the terms of the will Lionel Lee Yancey is the owner of and entitled to receive from the administrator in this case all of the fund in the hands of the administrator, subject to costs and expenses of administration.

It results that the judgment in this case should be reversed and the cause remanded with direction to the trial court to enter judgment in behalf of Lionel Lee Yancey in accordance with the views expressed in this opinion. The Commissioner so recommends. *Campbell, C.*, concurs.

PER CURIAM:—The foregoing opinion of Boyer, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded with direction to the trial court to enter judgment in behalf of Lionel Lee Yancey in accordance with the views expressed in this opinion. All concur, except *Trimble, P. J.*, absent.