GILBERT C. REES ET AL., APPELLANTS, v. C. R. BURRELL, TRUSTEE, ETC., DEFENDANT AND RESPONDENT; CHARLES W. JOHNSON ET AL., INTERVENERS, RESPONDENTS.—55 S. W. (2d) 1003.

Kansas City Court of Appeals.   November 21, 1932.

*Dorr H. Carroll, Wm. C. Reynolds, S. J.* and *J. C. Jones* and *R. W. Cummins,* for appellants.

*J. Francis O'Sullivan, Maurice J. O'Sullivan, Joseph H. Brady, N. E. Snyder* and *O. H. Stevens* for respondents.

CAMPBELL, C.—Plaintiffs brought this action against C. R. Burrell, trustee, and O. B. Schnapp, sheriff and substitute trustee ''of certain real property in Carroll County, Missouri,'' seeking to restrain the foreclosure of a deed of trust executed by them, which, by

its terms, conveyed land in Carroll County to secure the payment of a note in the principal sum of $3,000 which was also executed by them. Thereafter Charles W. Johnson, general receiver as receiver of the Commercial State Bank of Rosedale, Kansas, a corporation, and C. E. Williamson, assistant receiver thereof in active charge of its liquidation, by leave of court intervened, filed answer and intervening petition, alleging therein that Commercial State Bank, of which they are liquidating officers and agents, "are the holders in due course "of the note described in plaintiffs petition. The interveners prayed judgment for the amount of the note and for foreclosure of the deed of trust securing it. The cause was tried by the court, judgment rendered in favor of the defendants, plaintiffs petition dismissed, and judgment rendered in favor of interveners and against plaintiffs for the amount of the note and for foreclosure of the deed of trust. The plaintiffs have appealed.

Plaintiffs' abstract of the record discloses that their motion for new trial was not preserved in their bill of exceptions, which was filed February 9, 1932, and that no exception to the action of the court in overruling their motion for new trial was saved in the bill of exceptions.

The respondents, in their brief, called attention to the fatal defect whereupon plaintiffs, on October 1, 1932, five days before the day on which the cause was for hearing in this court, without leave of court, filed additional abstract of the record in which it is shown that on October 1, 1932, they filed in the trial court what they denominate "supplement to bill of exceptions," setting forth therein motion for new trial, the order overruling it and an exception thereto.

Section 1009, Revised Statutes of Missouri 1929 provides that bills of exceptions may be allowed by the trial court or the judge thereof in vacation at any time before the appellant shall be required by the rules "of such appellate courts . . . to serve his abstract of the record, and for the purpose of determining whether such bill of exceptions shall have been filed within such time such appellate court shall make reference to its docket."

Our rule 15 provides that the appellant, or plaintiff in error, shall serve upon the respondent, or defendant in error, printed copy of the abstract of the record twenty days before the day on which the cause is docketed for hearing in this court. Clearly, the additional abstract should not be considered for the reason that it was not served twenty days before the day on which the cause was docketed for hearing, nor was the supplement or additional bill of exceptions filed before the time appellant was required to serve copy of his abstract of the record.

As the plaintiffs did not properly preserve their motion for new trial nor an exception to the action of the court in overruling it, matters of exception are not here for review. [Chambers v. Sovereign

Camp, 33 S. W. (2d) 1029; Lane v. Lane, 17 S. W. (2d) 584.] Further, all exceptions should be saved in one bill of exceptions. [Smith v. Insurance Co., 6 S. W. (2d) 920.]

Under the rules governing appellate procedure there is nothing here for review except the record proper in which there is no claim of error. The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.