Viola Laybourne, Appellant, v. Columbia National Bank et al., Respondents.—56 S. W. (2d) 790.

Kansas City Court of Appeals. February 6, 1933.

*Gilbert H. Clevidence* for appellant.

*Wilson, Bundschu & Bailey* for respondent bank.

*Thomas B. Ray* for respondent Field et al.

CAMPBELL, C.—The defendants have filed motion to affirm the judgment for the reason (1) that there is no bill of exceptions, and (2) that there is no claim of error in the record proper. An appeal without a bill of exceptions presents the record proper for review, and we cannot therefore affirm a judgment upon motion though the appellant has failed to have allowed a bill of exceptions, nor can we determine the question as to whether or not there is claim of error in the record proper without an examination of the appellant's brief, and this we may not do on motion to affirm for want of bill of exceptions. The motion to affirm is denied.

Plaintiff has filed printed abstract which fails to show that the trial judge allowed a bill of exceptions or that a bill of exceptions was filed in the cause. The defendants have filed an additional abstract affirmatively showing therein that bill of exceptions has not been allowed or filed. The plaintiff does not controvert the showing made in the defendants' additional abstract. We must therefore, under the statute, treat the additional abstract as conclusively true.

The plaintiff has filed affidavit which concedes that bill of exceptions was not filed, and states facts showing that the failure to file bill of exceptions was not due to her fault. Even though the facts stated in the affidavit were sufficient to entitle plaintiff to a continuance she cannot benefit thereby for the reason that she did not seek a continuance. On the contrary, when the case was called for hearing, she joined the defendants in submitting the cause to the court for determination. We must therefore determine it upon the record before us.

As stated, the record discloses that there is no bill of exceptions, hence matters of exceptions are not here for review. [Chambers v. Sovereign Camp, 33 S. W. (2d) 1029.] An examination of plaintiff's brief shows that there is no claim of error in the record proper. Therefore, it follows that the judgment must be and is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.