ELMER L. EBLEN, ADMINISTRATOR, *v.* W. F. JORDAN, *et al.*

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

510

Jennings, Saxton & Wright, for complainant, appellee.

R. H. Ward, J. W. Stone and Tollett & Tollett, for defendants, appellants.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed by the administrator of the estate of Thomas R. Jordan to determine the rights of the several claimants of money derived from war risk insurance. In a certificate of insurance for $10,000 issued August 1, 1918, to Thomas R. Jordan, he designated his mother, Martha Bearden Jordan as one of the beneficiaries to the extent of $5,000, and his wife beneficiary for the other $5,000.

Thomas R. Jordan died October 11, 1918. His widow, Ethel Haun Jordan, and an infant daughter, Lula Jordan, were the heirs and distributees of his estate.

In March, 1919, the War Risk Bureau, in conformity with the statute and provision of the certificate, directed payment to Martha Bearden Jordan of the $5,000 inuring to her benefit under the certificate in 240 monthly installments of $28.75 each. Payments were accordingly made until the death of Martha Bearden Jordan on July 31, 1928. The husband, W. F. Jordan and children, Arthur Jordan and others, and granddaughter Lula Jordan survived Martha Bearden Jordan.

The unmatured installments commuted amounted to $2964, which sum was paid to the complainant as administrator of the estate of Thomas R. Jordan. This fund was claimed by W. F. Jordan through his marital rights, by Arthur Jordan and others as heirs at law of Martha Bearden Jordan, and by Ethel Haun Jordan and Lula Jordan by inheritance from the insured Thomas R. Jordan, whose estate they say was entitled to the unmatured installments under the Acts of Congress. Hence the bill of interpleader.

Answers were filed by the several defendants in which their claims were presented. The facts were stipulated. The chancellor held that the fund reverted to the estate of Thomas R. Jordan and passed under the statute to his widow and child, and directed distribution accordingly.

If the sum set apart, by Thomas R. Jordan under the policy, for the benefit of his mother, became her property any unpaid balance at her death would pass to W. F. Jordan, her surviving husband, and not to her heirs. *Baker* v. *Dew*, 133 Tenn., 126; *Tellico Bank &*

512

*Trust Co.* v. *Loomis,* 147 Tenn., 158; *American Surety Co.* v. *Grace,* 151 Tenn., 575. Therefore, the question to be determined is whether or not, under the Acts of Congress, this unpaid balance reverted to and became part of the estate of Thomas R. Jordan.

 Ordinarily the rights of the parties, including beneficiaries, under a policy of insurance become fixed upon death of the insured and cannot be impaired by any act of the insurer. *Cronback* v. *Aetna Life Insurance Co.,* 153 Tenn., 370.

 War risk insurance is a special kind of statutory insurance in which the rights of the parties are made dependent upon the statutes and regulations in force or afterwards adopted. Under the statute providing for the insurance, the Government did not become an insurer in a commercial sense for gain and can be held on its contracts only to the extent that it has expressly consented to be bound, and so amendments or changes in the contract of insurance might result from subsequent Acts of Congress enlarging or restricting the claims of beneficiaries even though made after the death of the insured.

The Act of Congress known as the World War Veterans Act, approved June 7, 1924, repealed all existing legislation on the subject of war risk insurance except as was saved by section 602, as follows:

"The repeal of the several Acts as provided in sections 600 and 601 hereof shall not affect any act done or any right or liability accrued, or any suit commenced before the said repeal, but all such rights and liabilities under said acts shall continue and may be enforced in the same manner as if said repeal had not been made; nor shall said repeal in any manner affect the right to any office or change the term or tenure thereof."

While this section kept in force the certificate of insurance, it fixed no unalterable right in the beneficiary, because under the Act of 1917 the insurance was subject to the original and any amendatory Acts of Congress.

In *White* v. *United States,* 270 U. S., 180, the court said:

"The certificate of insurance provided in terms that it should be 'subject in all respects to the provision of such Act (of 1917), of any amendments thereto and of all regulations thereunder, now in force or hereafter adopted, all of which, together with the application for this insurance, and the terms and conditions published under authority of the act, shall constitute the contract.' These words must be taken to embrace changes in the law no less than changes in the regulations."

Sections 301 and 303 of the World War Veterans Act above mentioned were amended by sections 13 and 14 of an Act of March 4, 1925, so as to provide as follows:

"Sec. 301. If no beneficiary within the permitted class be designated by the insured as beneficiary for converted insurance granted under the provisions of Article IV of the War Risk Insurance Act, or Title III of this Act, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments; or if the designated beneficiary survives the insured and dies before receiving all of the installments of converted insurance payable and applicable, then there shall be paid to the estate of such beneficiary the present value of the unpaid monthly installments."

"Sec. 303. If no person within the permitted class be designated as beneficiary for yearly renewable term in-

surance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this Act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person."

Section 13, amending section 301, refers to insurance taken under the original Act and subsequently converted by the insured under the Act of 1924 and determines the rights of the beneficiary of the converted insurance, and section 14, amendatory of section 303, refers to the original insurance and determines the rights of the insured and the beneficiary under the original policy.

In either event, when the designated beneficiary dies before receiving all the installments, the commuted value of the remaining unpaid monthly installments revert to the estate of the insured.

These provisions of the amendatory Act were in force when Martha Bearden Jordan died.

The rights of parties to the proceeds of war risk insurance was involved in our case of *Wade* v. *Madding*, 161 Tenn., 88, 28 S. W. (2d), 642, and effect was given in that case to the intention expressed in the acts of Congress. The court said:

"The overwhelming weight of authority at this date is that when a payment of the commuted value of remaining monthly installments is made to the administrator of the insured, upon the death of the designated beneficiary, or of a beneficiary to whom installments had been previously paid, under the authority of the amendatory Act of March 4, 1925, distribution is to be made by the administrator to those persons entitled under the laws of the state of residence of the insured to take his personal property, ascertained as of the date of the death of the insured."

This proposition is supported by cases cited in the opinion.

The questions involved here are so thoroughly discussed in the foregoing opinion that analysis and construction of the statutes which control the rights of the parties becomes unnecessary.

█ Under section 303 of the Act of June 7, 1924, as amended by section 14 of the Act of March 4, 1925, the unmatured installments payable after the death of Martha Bearden Jordan reverted to the estate of the insured and would, of course, pass to his widow and child, as decreed by the chancellor.

Affirmed.