IRA LUSTER, *et al.*, COMPLAINANTS, APPELLANTS, *v.* HICK-
MAN KITE, ADMR., *et al.*, DEFENDANTS, APPELLEES.

(*Knoxville.* September Term, 1930.)

Opinion filed June 11, 1931.

584

Margraves & Moneyhun, for Houston Jeffers.

Lovette, Berry & Easterly, for J. C. Luster.

Phillips & Hale, for Hickman Kite, Admr.

J. A. Thompson, for Eliza Bailey.

J. Mayes, Guardian *ad litem* and solicitor for certain defendants.

Mr. Justice Cook delivered the opinion of the Court.

George Walter Richards, who died March 23, 1920, left a war risk insurance policy of $10,000, in which his father, D. K. Richards, was the designated beneficiary. After receiving two of the monthly installments of $57.40 each from the War Risk Bureau, D. K. Richards died

June 3, 1920. The bureau then divided the $57.40 monthly installment previously payable to the father into installments of $7.18 each and continued payments of the insurance to Margaret Elizabeth Luster, Hugh Jacob Richards, the heirs of Mrs. Mattie Richards Dyer, Mrs. Laura Parker, Sallie Richards, Ed. Richards, Mrs. Eliza Bailey and Mrs. Birdie Lee Jeffers. These payments continued until each of the several beneficiaries received his or her share of the installments with the exception of Mrs. Elizabeth Luster, Hugh Jacob Richards and Birdie Lee Jeffers.

Mrs. Luster died January 7, 1929, Hugh Jacob Richards died September 28, 1927, and Birdie Lee Jeffers died August 28, 1929. Upon the death of the brother and two sisters of the insured, installments that would have gone to them had they lived were suspended by the War Risk Insurance Bureau. Subsequently these installments were commuted and their value of $2051 was paid to the defendant Hickman Kite, administrator of the estate of George Walter Richards.

The bill was filed by and on behalf of the children of Mrs. Margaret Elizabeth Luster, Mrs. Birdie Lee Jeffers and Hugh Jacob Richards to recover this sum from the administrator upon the ground that it represented the installments of insurance that should have been paid to their respective parents.

It is stipulated that the administrator collected "the sum of $2051 as representing the commuted value of the remaining installment of insurance not received by Margaret Elizabeth Luster, Hugh Jacob Richards and Birdie Lee Jeffers, and that this amount is held by him as administrator of the estate of George Walter Richards.

. . . In other words, the $2051 held by said administrator represents the commuted value of amounts that would have been taken by and paid to Margaret Elizabeth Luster, Hugh Jacob Richards and Birdie Lee Jeffers had they lived."

Unless disposed of by the will of George Walter Richards, the insured, any unpaid installments of his war risk insurance, at the time of the death of D. K. Richards, the designated beneficiary, would be controlled by the Act of Congress, the rights of claimants being dependent upon statutes and regulations then in force or afterwards adopted. *White* v. *United States,* 270 U. S., 180; *Wade* v. *Madding,* 161 Tenn., 95; *Eblen* v. *Jordan,* 161 Tenn., 506.

George Walter Richards left a will but in it did not attempt to dispose of the war risk insurance, as clearly appears from its provisions as follows:

"I will and direct that any moneys of which I may die seized and possessed shall be first used, after my death, to the defraying, or paying, burial expenses and anything in money left, shall be equally divided between my two sisters' Eliza and Birdie Richards.

"I will and bequeath to my brother Ed Richards my sorrell colt and my riding saddle. . . ."

While holding that the will of George Walter Richards did not dispose of the commuted installments, the chancellor was of opinion that it was the property of the estate of D. K. Richards and passed under his will to his daughters, Mary Eliza Bailey and Birdie Lee Jeffers, and he accordingly directed the administrator to distribute it.

Section 14, amendatory of Section 303 of the World War Veterans Act of March 4, 1925 (see U. S. Code, Title 38, Part III, Sec. 514), provides:

"If the designated beneficiary does not survive the insured, or survives the insured and dies prior to receiving all of the 240 installments . . . there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of the date of the last payment made under any existing award. Provided that all awards of yearly renewable term insurance which were in course of payment March 4, 1925, shall continue until the death of the persons receiving such payments. . . . When any person to whom such insurance was awarded prior to such date dies, then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such persons. This Section shall be deemed to be in effect as of October 6. 1917."

The effect of this provision of the Act of Congress was to restore the unpaid monthly installments that would have otherwise passed to Hugh Jacob Richards, Margaret Elizabeth Luster and Birdie Lee Jeffers to the estate of the insured and make it distributable to his next of kin as at the time of his death. *Re Pivonka,* 55 A. L. R., 570; *Williams* v. *Eason,* 55 A. L. R., 574.

The insured's father, D. K. Richards, was the beneficiary of the insurance and survived the insured. Upon his death payments were distributed to his children until all of the installments were paid except such as represent the commuted value of the installments that passed to the hands of Kite, administrator. The Government, as a relief from accumulated details incident to distribution, passed the remaining installments of the estate of the insured, and it thereby became distributable as of the date of his death, to those upon whom it would

have then devolved. *In re Smallwood*, 156 Tenn., 222. See also Annotations, 55 A. L. R., 580.

By section 4172, subsection 4, of Shannon's Code, the personal estate of George Walter Richards would have passed to his father, D. K. Richards, it appearing that George Walter Richards left no widow or children, and by the will of D. K. Richards, who took by inheritance from his son George Walter Richards, the commuted value of the remaining unpaid installments passed to Mary Eliza Richards and Birdie Lee Richards, as decreed by the chancellor.

Affirmed.