## WILLIAMS *et ux. v.* HODGE *et al.*

(Division B. May 23, 1932.)

[141 So. 905. No. 30066.]

Leon Hendrick, of Jackson, for appellants.

Welch & Cooper, of Laurel, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

R. L. Williams and his wife filed a petition in the chancery court of Jones county against Mrs. Opal Wil-

liams, individually, and as guardian of Delors Williams, and W. H. Hodge, administrator of the estate of Walter B. Williams, who was a World War veteran, and who had a war risk insurance policy upon his life, with benefits payable to himself during his life, and, in case of his death, the proceeds of said policy were to go equally to Mr. and Mrs. R. L. Williams.

It was alleged that Walter B. Williams died on the 14th day of August, 1927, without ever having changed the beneficiaries in said policy. He died of tuberculosis which was alleged to have been contracted during his war services; that about a year prior to his death he married the defendant Mrs. Opal Williams, and to them was born the child, Delors Williams, who was born about three weeks prior to the death of Walter B. Williams. It was further alleged that the United States Government refused to pay the war risk insurance policy, and that after the death of the veteran, and such refusal, in March, 1929, suit was filed against the United States on the policy of insurance by Mr. and Mrs. R. L. Williams, in which W. H. Hodge, administrator, joined, and a recovery was had in that case, and the judgment so recovered has been paid to the administrator, amounting to five thousand six hundred dollars, which funds are alleged to be subject to the order of the court. It is further alleged that W. H. Hodge is contending that the said sum of five thousand six hundred dollars belongs to and should be paid to Mrs. Opal Williams, and that he seeks to have an order entered authorizing him to make such distribution of the proceeds.

It is further alleged that it was the will and desire of the veteran that the proceeds of said policy should be paid to Mr. and Mrs. R. L. Williams, the father and mother of the veteran, and named as beneficiaries therein, which designation had never been changed at the time of the death of the veteran; that the veteran had provided for Mrs. Opal Williams by taking out for her

benefit life insurance policies in a named company, and that these policies had been paid to the wife, Mrs. Opal Williams, by said company.

It is further alleged that the petitioners, from the time the war veteran was discharged in 1919, up to 1927, had cared for him, he being ill with tuberculosis during all of said time, and had expended large sums of money for his benefit and in seeking to restore his health; that, in prosecuting the suit against the United States, the petitioners were put to large expense, including various items amounting to slightly under eight hundred dollars.

It is further alleged that Mr. and Mrs. R. L. Williams were entitled to the entire proceeds, but that, if mistaken in that, they were entitled to have the expenses incurred in said suit paid out of the funds so recovered.

Hodge, administrator, and the defendant Mrs. Opal Williams, and the minor, Delors Williams, were all brought into the suit; and, on the hearing it was agreed that Walter B. Williams had taken out a war risk insurance policy in the sum of ten thousand dollars, with benefits in case of total permanent disability payable to himself during his life, and to the appellants, in case of his death in equal amounts. The application for the war risk insurance policy was agreed to in the evidence with the stipulations therein contained. It was also agreed that the judgment in the suit against the United States adjudged that Walter B. Williams was totally and permanently disabled from the time of his discharge from the Army, or before there was any lapse of the policy on account of nonpayment of premium, up to the date of his death.

In addition to these agreements, R. L. Williams testified to certain items of expenditure incurred by him in prosecuting the suit against the United States for the recovery of the money, setting forth that the deceased had no other property than this war risk insurance policy, which is not subject to the claim of creditors of

either the insured or the beneficiaries. He testified that he had paid sixty-seven dollars premium on the administrator's bond, the deceased having no property out of which this could be paid; that he paid two doctors one hundred fifty dollars to attend, as experts, the trial and testify, his petition showing that he paid three hundred dollars to doctors. He further testified he agreed to pay, and signed a note for two hundred dollars, which note was still unpaid, for the services of Hodge prior to the administration in aiding in preparations for the suit; that he paid seventy-nine dollars cost, and twelve dollars in the federal court; that he had incurred expenses in going to Jackson and Meridian, having to take his daughter to drive him, and incurred expenses in investigating the matter, which he estimated at about one hundred dollars. He further testified that he received a letter from his son, written to him and his wife, which he contends is testamentary in character, and which was identified by the witness, marked ''Exhibit A'' by the stenographer, and directed to be copied in the record, but that letter is not copied in the record.

The chancellor, in passing upon the petition, dismissed the bill with prejudice, as to the claim of the petitioners to the proceeds of the war risk insurance policy in the hands of the administrator, and dismissed the bill without prejudice as to the item of expenses in the prosecution of the suit against the United States government. The decree, in reference to this order, reads as follows: ''It is accordingly ordered, adjudged and decreed that the petition insofar as it seeks the payment of the money on hand to Mr. and Mrs. R. L. Williams be, and it is hereby, dismissed with prejudice. It is further ordered, adjudged and decreed that the petition insofar as it seeks reimbursement for expenses incurred in the prosecution of the suit against the United States on the policy of insurance be and it is hereby, dismissed without prej-

udice to the right of petitioners to have same considered in due and proper course and on proper proceedings.''

It will be noted from this statement that the petitioners claimed they were entitled to the entire proceeds of the war risk policy, but that, if they were mistaken in that regard, they were entitled to a repayment of the money expended in the prosecution of the suit.

All the parties interested in the funds were before the court, and the claim was not merely one against the administrator for the funds advanced to him, but was a suit in which the rights of all the parties could be properly adjudged in one suit and thus prevent a multiplicity of suits.

We think the court had jurisdiction to settle all the questions between the parties to the suit.

We think also that, the letter testified to being absent from the record, and it appearing that there was total disability during the life of Walter B. Williams from the time of his discharge to his death, the funds so accruing during this period of time, though not collected by him, became the property of his estate, and descended to his heirs at law as other property, unless the letter was of testamentary character and showed a definite disposition of the estate by will. As the letter is not contained in the record, we cannot know its contents, and we must assume that the chancellor decided correctly on this phase of the case.

We think, however, that the chancellor should not have dismissed the petition for allowance of expenses, but should have proceeded and determined what expenses were properly incurred, and should have made allowance for such amount as was properly expended in the prosecution of the suit for the benefit of all the parties.

This right to contribution is one of recognized equitable jurisdiction, and the expenditures in recovering the money should be allowed to the appellants, if they, in fact, paid same, and it was necessary or proper in the

prosecution of the suit for the common benefit. 6 R. C. L., p. 1048, sec. 11, and Aven v. Singleton, 132 Miss. 256, 96 So. 165.

The money paid out in conducting the lawsuit should be prorated among the parties on the basis of their respective recoveries, and that in the hands of the administrator should be charged with the pro rata proportion of the expenses that the benefits accruing during the lifetime bore to the total amount of the recovery.

We therefore reverse the judgment dismissing that part of the petition praying for contribution, and divide the costs equally between the appellants and the appellees.

Reversed in part, and affirmed in part.