MINNIE RICE NEWBORN *et al.*, COMPLAINANTS, APPELLANTS, *v.* ANDREW J. DE WITT, ADMINISTRATOR, ETC., *et al.*, DEFENDANTS, APPELLEES.*

(*Jackson*, April Term, 1932.)

Opinion filed June 18, 1932.

---

*As to payment on death of beneficiary under policy or war risk insurance, see annotation in 55 A. L. R., 592; 73 A. L. R., 319.

RANDOLPH, RANDOLPH & CLIFTON, for complainants, appellants.

J. D. MOSBY, for defendants, appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a War Risk Insurance case. On July 18, 1918, Benjamin H. Rice applied for life insurance in the sum of $10,000, pursuant to the Act of Congress of October 6, 1917, and a certificate was issued to him on that day. His wife and mother were designated as beneficiaries to the amount of $5,000 each. Insured was killed in France, October 15, 1918. He was survived by his wife, infant son, mother, and brothers and sisters. His son died in about one year. Monthly installments were paid to the mother until her death in 1927. Thereafter the commuted value of the unpaid installments was paid to the administrator of the insured, who in turn paid it to the wife of the insured. The bill herein was filed by the next of kin of the mother of insured to recover the sum so collected, upon the theory that the mother took a vested interest in the fund. The cause was heard upon a stipulation of facts, and the bill was dismissed. Complainants have appealed and assign the action of the Chancellor for error. The Chancellor was correct. *Wade* v. *Madding,* 161 Tenn., 88; *Elben* v. *Jordan,* 161 Tenn., 509; *Luster* v. *Kite,* 162 Tenn., 583; *White* v. *United States,* 270 U. S., 175, 180-181. In the last named case it was said:

"The certificate of insurance provided in terms that it should be 'subject in all respects to the provision of such Act (of 1917), of any amendments thereto, and of all regulations thereunder, now in force or hereafter adopted, all of which, together with the application for this insurance, and the terms and conditions published under authority of the act, shall constitute the contract.'

These words must be taken to embrace changes in the law no less than changes in the regulations. The form was established by the Director with the approval of the Secretary of the Treasury, and on the authority of article I, section 1, and article IV, section 402, of the act, which, we have no doubt authorized it. The language is very broad and does not need precise discussion when the nature of the plan is remembered. The insurance was a contract, to be sure, for which a premium was paid, but it was not one entered into by the United States for gain. All soldiers were given a right to it, and the relation of the government to them, if not paternal, was at least avuncular. It was a relation of benevolence established by the government at considerable cost to itself, for the soldier's good. It was a new experiment in which changes might be found necessary, or at least, as in this case, feasible more exactly to carry out his will. If the soldier was willing to put himself into the government's hands to that extent no one else could complain. The only relations of contract were between the government and him. White's mother's interest at his death was vested only so far as he and the government had made it so, and was subject to any conditions upon which they might agree. They did agree to terms that cut her rights down to one-half. She is a volunteer and she cannot claim more. See *Helmholz* v. *Horst* (C. C. A. 6th), 294 Fed., 417, affirming (D. C.), 283 Fed., 600; *Gilman* v. *United States* (C. C. A. 3d), 294 Fed., 422, affirming (D. C.), 290 Fed., 614.''

Counsel undertake to distinguish the instant cause from those just cited upon the theory that the application *alone* constitutes the contract between the insurer and the insured, and that the application in this cause

contained no provision for a devolution of the fund as provided by the Acts of Congress of 1924 and 1925. To this we cannot agree. The application did not constitute the entire contract, but it consisted of the application, the Act of 1917, the amendments thereto, and of all regulations thereunder then in force or thereafter adopted. This view, in our opinion, comports with the understanding and intention of the parties, and is well supported by the authorities.

The decree of the Chancellor will be affirmed.