MARIE JACKSON RAMSEY, *Executrix v.* LUCY BROWN SAUNDERS, *Administratrix*

(No. 7793)

Submitted January 23, 1934.   Decided February 6, 1934.

*H. D. Rollins* and *P. G. Meador*, for appellants.

WOODS, PRESIDENT:

Okey J. Brown was discharged from the military service of the United States on August 17, 1918, by reason of physical disability, and died on April 13, 1927. Subsequent to the latter date his mother, Lucy Brown Saunders, as administratrix of his estate and as the designated beneficiary of his war risk term insurance, instituted a suit in the district court of the United States for the southern district of West Virginia, in which suit it was established, among other things, that Brown was permanently and totally disabled as of the time of his discharge. And as a result it was decreed that the plaintiff do recover (1) as administratrix, the sum of $5,588.77, the amount of insurance found to be due decedent's estate, and (2) in her own right, as beneficiary, the amount remaining due, under the policy, in monthly installments. The order further stated that since Marie Jackson Ramsey claims the funds due the estate of Okey J. Brown, deceased, by virtue of a certain will, and such rights are not properly before the court, that the matter of determining rights of heirs at law, if any there be, be left to be determined before proper authorities.

Thereupon Marie Jackson Ramsey, as executrix of last will and testament of Okey J. Brown, deceased, which will was executed February 3, 1926, instituted the present suit in the circuit court of Logan County for the purpose of requiring Mrs. Saunders to turn over the $5,029.90 remaining in her hands as administratrix after payment of 10% for legal services as per decree of federal court, in order that said

executrix might administer decedent's estate in accordance with the terms of the will.

· The administratrix in her answer avers, among other things, that all property and rights of the said Okey J. Brown in and to said policy of insurance existed in favor of her for the simple reason that she was made the beneficiary therein; Imogene Brown, a child of decedent, by Marie Jackson Ramsey, born after the execution of the will and before the testator's death, by her guardian *ad litem,* filed an answer in which she claimed that the will was void as to her. Code 1923, chap. .77, sec. 16.

. The cause was submitted on the pleadings and an agreed statement of facts to the effect that Okey J. Brown was first married to Rebecca Eastridge, to which union was born one son, Freddie Brown; that no divorce was ever granted to either of the parties; and that thereafter the said Okey J. Brown went through three separate marriage ceremonies, the first with Hannah Huff, the next with Bertha Fain, and the third, on or about August 4, 1925, with Marie Jackson; that the latter bore him a child, Imogene; and that so far as known no children were born to him by either Hannah Huff or Bertha Fain.

The trial court found that Mrs. Saunders, as beneficiary under the policy was entitled to said sum, held by her as administratrix, and decreed that she take the same in her own right. It is from this decree that Mrs. Marie Jackson Ramsey and Imogene Brown prosecute this appeal.

It is apparent that the trial chancellor has misconceived the true import of the order of the district court, which specifically found that the $5,588.77 was a part of decedent's estate. The statute (38 U. S. C. A., sec. 451) under which the district court acted, provides: "The amount of the monthly installments of compensation, yearly renewable term insurance, or accrued maintenance and support allowance which has become payable under the provisions of Parts II, III, or IV of this chapter, but which has not been paid prior to the death of the person entitled to receive the same, may be payable to the personal representatives of such person, or in the absence of a duly. appointed legal representative where the combined amounts payable are $1,000.00 or less, the director

shall allow and pay such sum to such person or persons as would under the laws of the state of residence of the decedent be entitled to his personal property in case of intestacy." In other words, such proceeds become a part of his estate. *Williams* v. *Hodge*, 163 Miss. 809, 141 So. 905; *Singleton* v. *Cheek*, (Okla.) 7 Pac. (2d) 140; *Singleton* v. *Cheek*, 284 U. S. 493, 497; *Canada* v. *Canada, Admx.*, 235 Ky. 747, 32 S. W. (2d) 330. And subject to disposition by will. *Coleman* v. *Harrison*, 168 Ga. 859, 149 S. E. 141; *Gunn* v. *Yancey*, 225 Mo. A. 1231, 33 S. W. (2d) 1029; *Luster* v. *Kite*, 162 Tenn. 583, 39 S. W. (2d) 267.

It must be noted at the outset that Rebecca Eastridge Brown, who, according to the agreed statement of facts, was living at the time of testator's death, and who was not provided for in the testator's will, is entitled as the lawful wife to one-third of the fund to be administered. Code 1931, 42-3-1; 42-2-1.

Just what then are the rights of the appellants? Marie Jackson Ramsey, not being a lawful spouse, takes, if at all, under the will. The will of Brown in effect makes the wife, Marie Jackson Ramsey, his sole beneficiary therein. Whatever the effect of her designation in the will as beneficiary under the insurance policy, testator on September 26, 1926, executed a change of beneficiary form, making his mother beneficiary. This latter act did not amount to a revocation of the will, except in so far as the beneficiary is concerned. Code 1931, 41-1-7. So, Marie Jackson Ramsey is entitled, under the will, to take such portion of the $5,029.90 as is not otherwise disposed of by law.

It is contended on behalf of Imogene Brown that she is not mentioned in the will within the meaning of Code 1923, chapter 77, section 16, and is therefore entitled to all of her father's estate, except so far as the will attempts to pay debts and appoints an executrix. In this contention she ignores the fact that her father had another child, Frankie Brown, by Rebecca Eastridge Brown, the latter being his only legal wife. Imogene's rights therefore are governed by Code 1931, 41-4-2, which provides: "If a will be made when the testator has a child living, and a child be born afterwards, such after-born child or any descendant of his, if not provided for by any

settlement, and neither provided for nor expressly excluded by the will, but only pretermitted, shall succeed to such portion of the testator's estate as he would have been entitled to if the testator had died intestate, toward raising which portion the devisees and legatees shall, out of what is devised and bequeathed to them, contribute ratably, either in kind or in money, as a court of equity, in the particular case, may deem most proper. But if any such after-born child or descendant die under the age of twenty-one years, unmarried and without issue, his portion of the estate, or so much thereof as may remain unexpended in his support and education, shall revert to the person or persons to whom it was given by the will."

In *Allison* v. *Allison*, 101 Va. 537, 569, 44 S. E. 904, 915, the court of Virginia, in dealing with a similar statute, held: "To pretermit is to pass by, to omit, to disregard. If the intention to exclude appears upon the face of the will, the child has not been omitted or passed by. If the child has been provided for by the will, the value of the provision is not the subject of inquiry by the court, for, however inadequate the provision may be, it would yet be true that the child was not pretermitted, had not been omitted, passed by, or disregarded."

The will does not attempt to provide for the child. It simply states: "I direct my wife to take care of, and educate my child or children as the case may be." No amount of the father's estate is set aside for the purpose of caring for and educating the child not yet born, or any other child. So any service which might be rendered by the mother does not involve the estate of the father. It, therefore, must be concluded that Imogene Brown, is a pretermitted child within the meaning of Code 1931, 41-4-2. But, say counsel for Marie Jackson Ramsey, the child Imogene has no right to come in, for the word "child" as used in the statute under consideration means a legitimate child, citing *Irving* v. *Irving*, 152 Ga. 174, 108 S. E. 540. But that case has no application in this state because we have a statute which provides that "The issue of marriages deemed null in law, or dissolved by a court, shall nevertheless be legitimate." Code 1931, 42-1-7. The will not having made provision for Imogene Brown, she becomes en-

titled under the circumstances to come in and share one-half of the amount remaining after the rights of Rebecca Eastridge Brown, under Code 1931, 42-2-1, have been satisfied.

Since Frankie Brown is not given anything by the will and was born long prior to its execution, he takes nothing. Therefore, the amount remaining goes to Marie Jackson Ramsey under the will.

The decree is therefore reversed and the cause remanded with directions that the chancellor enter a decree directing the administratrix to make settlement of funds in her hands not in conflict herewith.

*Reversed and remanded.*