STAFFORD *v.* STAFFORD *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed April 4, 1936.

GEORGE B. HAILE, J. O. PARIS, and JOHN TUCKER, all of Cookeville, for Bedford Stafford.

T. L. HATCHETT, of Glasgow, Ky., for T. L. Hatchett, Administrator.

C. R. JENT, of Lafayette, and P. J. ANDERSON, of Gainesboro, for John Stafford *et al.*

HAROLD HOWSER and J. R. SMITH, both of Lafayette, for W. H. York.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a decree awarding a fund in the hands of W. H. York, as administrator of the estate of a war veteran, William Henry Steen, who died in 1918, to T. L. Hatchett, administrator of the estate of James B. Steen, the father of William Henry Steen. The fund involved is a part of the proceeds of a war risk insurance policy, in which policy the father of the veteran, who died in 1920, some sixteen months after the veteran, was the named beneficiary.

The veteran had never married and was a resident of Kentucky at the time he died intestate. His mother had died some years before, but his father, as before stated, survived him, and by the laws of descent, in both Kentucky and Tennessee, was the sole heir at law, the veteran having no brothers or sisters.

The fund in controversy had been paid into the hands of W. H. York upon his qualification as administrator of the estate of the veteran, and had not been disbursed

because of conflicting claims to the fund by the administrator of the veteran's father, on the one hand, and alleged next of kin on the maternal side. The bill filed in this case sought an adjudication of the rights of the various claimants, and particularly an award of the fund to the complainant Bedford Stafford and certain parties named by him as defendants, who are alleged to be next of kin to the deceased veteran, these parties being uncles and an aunt of the said veteran on the maternal side.

■■ The case was tried on a stipulation of facts, all questions of jurisdiction being waived, and the determinative question is as to whether the heirs of William Henry Steen, the deceased veteran, are to be determined as of the date of his death in 1918, or, as insisted for the complainants, as of the death of the beneficiary under the policy, which occurred in 1920. The chancellor handed down a memorandum opinion, which was made a part of the record, in which he thus sets forth the pertinent facts and issues involved: ''The fund in the hands of the administrator in controversy here is the commuted value of the remaining unpaid monthly installments from the insurance policy, and without detailing the pleadings, the main questions involved is whether the administrator of the veteran's father gets this fund, or whether the maternal uncles and aunts of the whole and half blood are entitled to the same, as, contended for in the original bill, that is, what is the date the persons who are entitled to take the fund are to be ascertained, and it might be stated here, that the laws of the state of Kentucky as to descent and distribution, so far as the same are important in this cause, are the same as the intestate laws of descent and distribution in Tennessee.'' After quoting from the Act of Congress

of March 4, 1925, sec. 1, U. S. C., title 38, sec. 424 (38 U. S. C. A., sec. 424), and citing decisions, he decreed in favor of the administrator of the estate of the deceased father and ordered the fund to be paid to him. He said: "In view of these decisions, the court is of the opinion that the persons entitled to the fund in question must be determined as of the date of the veteran's death, and on the date of his death, under the facts in this cause, the father of the veteran would have been entitled thereto, therefore, the representative of his estate the intervening petitioner, is entitled to this fund." The learned chancellor cited and relied upon the leading case of *Singleton* v. *Cheek* (1932), 284 U. S., 493, 52 S. Ct., 257, 76 L. Ed., 419, 81 A. L. R., 923, and also our Tennessee holdings of *Wade* v. *Madding*, 161 Tenn., 88, 97, 28 S. W. (2d), 642, 645; *Eblen, Adm'r*, v. *Jordan*, 161 Tenn., 509, 33 S. W. (2d), 65, and *Newborn* v. *DeWitt*, 164 Tenn., 519, 51 S. W. (2d), 478. All of these cases appear clearly to sustain the conclusion of the chancellor. The governing rule is thus stated in *Wade* v. *Madding, supra:*

"The overwhelming weight of authority at this date is that when a payment of the commuted value of remaining monthly installments is made to the administrator of the insured, upon the death of the designated beneficiary, or of a beneficiary to whom installments had been previously paid, under the authority of the amendatory Act of March 4, 1925, distribution is to be made by the administrator to those persons entitled under the laws of the state of residence of the insured to take his personal property, ascertained as of the date of the death of the insured."

■ The chancellor ordered the transfer of the administration from the county court to the chancery court and provided for allowances to York, as administrator in possession of the funds, for his services and for those of his counsel. There is argumentative criticism of the action of the chancellor, both with respect to the matter of interest and these fees, but we are of opinion that the chancellor did not abuse his discretion with respect to these matters.

On the whole case we find no error and the decree is affirmed.