ESTATE OF BOLLOW: BOLLOW, Administratrix, Respondent, vs. FIRST WISCONSIN TRUST COMPANY, Executor, Appellant.

*November 12—December 8, 1936.*

For the appellant there were briefs by *Frank J. Lenicheck,* attorney, and *Bruce B. F. Randolph* of counsel, both of Milwaukee, and oral argument by *Mr. Randolph.*

For the respondent there was a brief by *Hannan, Johnson & Goldschmidt,* attorneys, and *Albert M. Kelly,* guardian *ad litem,* all of Milwaukee, and oral argument by *William F. Hannan.*

WICKHEM, J.    There is no issue of fact in this case. Frederic W. Bollow, a World War veteran, died intestate at Milwaukee on October 11, 1934, leaving surviving him as his sole heir at law a minor son, William F. Bollow. Bollow's wife, mother of the minor, died June 5, 1932, and Bollow never remarried.   The minor son resided with the defendant Gretchen Bollow, a sister of Frederic Bollow, and since the death of the father has continued to reside with Gretchen Bollow.   On April 12, 1935, defendant Gretchen Bollow was appointed general guardian of the minor, Wil-

liam Bollow, and on September 4, 1935, was appointed and qualified as administratrix of the estate of Frederic Bollow.

At the time of his death, Frederic Bollow was the named assured in the government life insurance policy (War Risk Insurance) heretofore referred to. The mother of insured was designated as beneficiary. The policy provided for the payment in a lump sum of the sum of $10,000 upon the death of the insured to the designated beneficiary. Sections 15, 16, and 17 of this policy, so far as here material, provided as follows:

"15. . . . The proceeds of this policy shall not be subject to the claims of creditors of the insured or creditors of any beneficiary to whom the proceeds may be awarded, excepting claims of the United States arising under the War Risk Insurance Act or the World War Veterans Act.

"16. The proceeds of this policy are exempt from all taxation.

"17. . . . (a) If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly instalments."

The beneficiary died in February, 1932, and no other designation of beneficiary was made by the insured. In November, 1935, the proceeds of this policy were paid to Gretchen Bollow, as administratrix. With the exception of assets totaling about $30, these proceeds constitute the only assets of the estate. On July 19, 1933, the claimant, as receiver, obtained and docketed a judgment against Frederic W. Bollow for the sum of $781.18, based on a claim for rent for business premises occupied by Bollow prior to the date of the judgment. This judgment was thereafter assigned by plaintiff as receiver to itself as executor of the last will of Charles A. Koeffler, Jr., deceased. The question pre-

sented is whether, under the provisions of the policy and the laws of the United States applicable thereto, the proceeds of this policy are subject to the claims of creditors of the insured. This calls for an examination of the several federal statutes and decisions.

Claimant relies upon section 454, title 38, of the Code of Laws of United States of America (38 USCA, § 454), in force January 3, 1935. Section 454 reads as follows:

*"Assignability and exempt status of compensation, insurance, and maintenance and support allowances.* The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable.

"The provisions of this section shall not be construed to prohibit the assignment by any person to whom converted insurance shall be payable under Part III of this chapter of his interest in such insurance to any other member of the permitted class of beneficiaries." (June 7, 1924, ch. 320, sec. 22, 43 U. S. Stat. at L. 613.)

Two decisions by the United States supreme court have a bearing upon the question presented. In *Singleton v. Cheek,* 284 U. S. 493, 52 Sup. Ct. 257, 259, construing section 514, title 38, USCA, hereafter referred to, it was held that all instalments of life insurance, whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance, become assets of the estate of the insured as of the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence, such heirs to be

determined as of the date of his death and not as of the date of the death of the beneficiary. The court in the *Singleton Case, supra,* made no determination as to the liability of the proceeds of such a policy to creditors of the insured veteran. The decisions of this court in *Estate of Singer,* 192 Wis. 524, 213 N. W. 479, and *Estate of Greiner,* 195 Wis. 332, 218 N. W. 437, are to the same effect. In *Pagel v. Pagel,* 291 U. S. 473, 54 Sup. Ct. 497, section 454 was construed, and it was held that the language of this section limits the exemption to "any person to whom an award is made;" that the statute does not extend the exemption beyond the insured and beneficiary; and that the exemption of the fund does not survive both insured and beneficiary for the benefit of the heirs of the former. We think it clearly established by this case that under section 454 the proceeds of such a policy in the hands of the administratrix of insured's estate are liable for the debts of the insured.

Respondent contends that the *Pagel Case, supra,* is to be distinguished by reason of the fact that in that case the named beneficiary survived the veteran, whereas here the beneficiary predeceased the veteran. We discover nothing in either the facts or holding to indicate the materiality of this distinction. In the *Singleton Case* it was said that,—

"All instalments, whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance, . . . became assets of the estate of the insured. . . ."

In the *Pagel Case,* the court said:

"In *Singleton v. Cheek,* . . . we held that, when the insured and the designated beneficiary die successively intestate, the commuted amount of the instalments not accrued when the beneficiary dies is to be paid to the estate of the insured for distribution to his heirs and that the heirs are to be determined as of the time of his death in accordance with

the laws of the state where he resided and are not limited to the class of beneficiaries designated by the act. . . . The purpose of the exemption, section 454, is to safeguard to the insured soldier and the beneficiary payments made under the policy to them or for their benefit. *Spicer v. Smith,* 288 U. S. 430, 434. . . . The language of the statute limits the exemption to 'any person to whom an award is made.' It is clear that the statute does not extend the exemption beyond the insured and beneficiary."

We discover nothing in this language to support the claimed distinction. The decision makes it plain that the protection of section 454 is only extended to insured or his designated beneficiary and not to such persons as were eligible under the law to be named as beneficiaries, but were in fact never so designated.

This result is not changed by section 514, title 38, USCA, which provides in substance that, if no person within the permitted class be designated as a beneficiary, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured or survives and dies prior to receiving all of the instalments, there shall be paid to the estate of the insured the present value of the instalments thereafter payable. This section merely provides for the devolution of the proceeds upon the contingencies there described and treats upon an equality the two situations sought to be distinguished by respondent. That is to say, the same result follows whether the designated beneficiary fails to survive or survives and dies prior to receiving all of the payments. In either event, the balance is paid to the estate of the insured, and the doctrine of the *Pagel Case* would then become operative and subject the proceeds to claims of creditors.

It now becomes necessary to consider the effect of an amendment to section 454 enacted by the congress on August 12, 1935 (ch. 510, sec. 3, 49 U. S. Stat. at L. 609, 38

USCA, § 454a). So far as material here, this amendment reads as follows:

"Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

It is the contention of the administratrix that since this act was in force on February 27, 1936, when the claim was allowed, it is applicable; that if applicable, it clearly determines this controversy in respondent's favor for the reason that it is more far-reaching in exempting from claims of creditors funds paid by the government on account of veterans' war risk insurance than is the former section 454. Assuming that section 454a is applicable, it does not appear to us to enlarge the exemptions in such a direction as to help the respondent. The provisions of section 454 are that the insurance shall not be subject to the claims of creditors of any *person to whom an award is made,* etc. Section 454a provides that such payments made to or on account of a *beneficiary under any of the laws relating to veterans* shall be exempt from the claims of creditors or seizure by any process whatever *either before or after the receipt by the beneficiary.*

The question is whether the term "beneficiary under any of the laws relating to veterans" has so broadened the clause "person to whom an award is made" as to include the estate of an insured to whom proceeds are paid under the provisions of section 514, *supra.* It appears quite certain that the term "beneficiary under any of the laws relating to veterans," is at least broader than "beneficiary designated by the policy," and, in fact, that it must be broad enough to

include the insured, or otherwise his exemption would no longer have any statutory basis, and the amendment would have a restrictive operation obviously not intended. Is it also broad enough to include his estate to which, upon contingencies described in section 514, the proceeds of the policy are to be paid? We think not. Section 514 merely provides for the devolution of the proceeds upon death of the insured in the event that no beneficiary is named or that the designated beneficiary dies. Significantly enough and conformably to this view, it contains express provisions for escheat in a proper case. This section was not amended in 1935, and all of the implications from the *Singleton* and *Pagel Cases, supra,* repel the conclusion that the estate can properly be considered a "beneficiary under any of the laws relating to veterans." We fail to discover in the altered language of the act an intention to repudiate the doctrine of the *Pagel Case.* It seems likely that, aside from a purpose of clarifying the law, its principal purpose was to provide that payments made under the act, either to insured or designated beneficiary, are not subject to the claims of creditors *either before or after receipt by either,* and thus to set at rest doubts raised by prior judicial determinations. See *Trotter v. Tennessee,* 290 U. S. 354, 54 Sup. Ct. 138; *McIntosh v. Aubrey,* 185 U. S. 122, 22 Sup. Ct. 561.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings in accordance with this opinion.