WALKER *et al. v.* QUEENER *et al.*

(*Nashville*, December Term, 1938.)

Opinion filed Feb. 4, 1939.

HOPKINS & HOPKINS, of Columbia, for Morrow and Kincade.

J. C. VOORHIES, of Columbia, for Millie Walker.

FRIERSON & QUEENER and J. M. INGRAM, all of Columbia, for adult heirs at law.

PAUL F. BUMPUS, of Columbia, guardian *ad litem.*

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The case involves the question of the liability of the proceeds of a war risk insurance policy for the debts of the deceased beneficiary of the policy, the beneficiary being also the sole distributee of the insured. The chancellor held the fund exempt from the claims of creditors except as to the claim for funeral expenses, which seems to have been allowed by consent of the parties. Other creditors have appealed.

One Walker was a soldier in the United States Army and died in the service in December, 1918. He had an insurance policy known as a war risk insurance policy in which his father, Ed Walker, was the designated beneficiary. At the time of the death of the soldier his father was likewise his sole distributee and heir at law.

After the death of the soldier, monthly installments of $57.50 each were paid to his father, as provided by the policy, until the death of the father in November, 1935.

Upon the death of the father the complainant, Millie Walker, his widow, qualified as his administratrix. Defendant Queener qualified as the administrator of the dead soldier. There was paid to the soldier's administrator by the Government the sum of $1970, being the amount of the commuted value of the insurance policy

remaining unpaid at that time. This administrator has paid this sum of money into the registry of the court below pending the settlement of the controversy between the father's widow and the father's creditors as to whether the latter are entitled to subject the fund to their claims against the father.

██ ██ Upon the father's death, the commuted value of this insurance policy was properly paid to the administrator of the insured (the son), to be distributed according to the Tennessee statutes of descent and distribution. *Luster* v. *Kite, et al.*, 162 Tenn., 583, 39 S. W. (2d), 267; 38 U. S. C. A., sec. 514.

38 U. S. C. A., sec. 454, reads as follows:

''The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable.''

Construing this section in *Pagel* v. *Pagel*, 291 U. S., 473, 54 S. Ct., 497, 498, 78 L. Ed., 921, the Supreme Court of the United States held that war risk insurance money paid to the estate of the insured soldier was subject to the claims of his creditors. The Court said:

''The language of the statute limits the exemption to 'any person to whom an award is made.' It is clear that the statute does not extend the exemption beyond the insured and beneficiary. And, as said by the State Su-

preme Court, after referring to our decision in *Singleton* v. *Cheek* [284 U. S., 493, 52 S. Ct., 257, 76 L. Ed., 419, 81 A. L. R., 923], 'it cannot be held now that the exemption of the fund survives both insured and beneficiary for benefit of the heirs of the former.' [*Pagel* v. *MacLean*, 189 Minn. 383, 388], 249 N. W. 417, 419.''

It is urged, however, in the case before us that an amendment to 38 U. S. C. A., sec. 454, enacted by the Congress on August 12, 1935 (chapter 510, sec. 3, 49 U. S. Stat., at L. 609, 38 U. S. C. A., sec. 454a), carries the exemption further. The amendment is as follows:

''Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.''

The argument is, since the father was the beneficiary of the policy, that the proceeds of the policy which the distributee of the father takes is a payment ''on account of a beneficiary'' and is therefore a payment exempt from creditors.

This argument does not take into account all the language of 38 U. S. C. A., sec. 454a. The commuted value of this policy which the father's estate takes from the son's estate is not a payment made on account of ''a beneficiary under any of the laws relating to veterans.'' If the father be called a beneficiary, rather than a distributee, as to the right of his estate to take this fund, still the father is not a beneficiary with respect to this fund ''under any of the laws relating to veterans.'' He

is a beneficiary, more properly a distributee, under the Tennessee statutes of descent and distribution.

The Supreme Court of Wisconsin has considered 38 U. S. C. A., sec. 454a in *Re Bollow's Estate,* 223 Wis., 262, 270 N. W., 82, 109 A. L. R., 429, and held that section was ineffective to exempt the commuted value of an insurance policy, reverting to the insured after the beneficiary's death, from the claims of the insured's creditors. We see no tenable ground upon which the exemption could be carried even further to the distributee of the insured's estate or to the distributee of the insured's distributee.

The decree of the chancellor will be modified as herein indicated and the cause remanded for further proceedings in accord.