In the Matter of the Estate of JAMES H. MAYBURY, Deceased.*

Surrogate's Court, New York County, January 25, 1940.

* See *Matter of Mason* (174 Misc. 218).

*John Eugene Baker*, for the administrator.

*Shearman & Sterling [Gerard T. Shevlin* of counsel], for The National City Bank of New York, objectant.

*Harold Storch Kohn*, for Henry Greenspan, objectant, creditor.

*William J. McArthur*, for the United States Fidelity & Guaranty Company.

DELEHANTY, S. Deceased is the father of a soldier — Richard Maybury — who died in active service unmarried. Deceased was the sole beneficiary of the soldier's war risk insurance policy. He received monthly benefits under the policy while he lived. He died intestate on February 29, 1936.

Deceased was survived by another son who procured letters of administration both on the estate of his father, this deceased, and on the estate of the soldier, his brother. Through the United States Veterans' Administration the administrator in his character as administrator of the estate of the soldier collected the commuted value of the unpaid installments under the war risk policy. These funds are still held by him in the estate of the soldier. They amount to $1,708.

Meantime the creditors of the father — this deceased — compelled an accounting in the father's estate. In the account now before the court the sole asset reported is stated to be the right of this estate to receive from the administrator of the soldier the sum of $1,708 collected in the soldier's estate. The account shows that this sum has not yet been collected. Objection is made by the creditors of deceased to this failure to collect. They are not interested in the estate of the soldier and cannot be heard in the administration of that estate. Their sole forum is in the estate of the father.

The administrator through his counsel sets up the claim that the latest of the congressional enactments (U. S. Code, tit. 38, § 454a) dealing with benefits flowing from war risk insurance completely and finally exempts these insurance proceeds from any claims of creditors and requires that the funds pass free of creditors' claims to the distributees of deceased. It should be noted of course that what is here argued for by the administrator is that the distributee of the deceased soldier — his father — should receive the funds free of the soldier's debts; and further that the distributees of the father should also receive the proceeds free of the father's debts. The argument is based upon an enactment which postdated certain Federal decisions which held that the commuted value of installments which

were payable to the soldier's estate were chargeable with the soldier's debts.

The argument now made on the basis of the most recent Federal legislation has been advanced in other courts and held to be without substance. In *Walker* v. *Queener* (174 Tenn. 129; 124 S. W. [2d] 236) the Supreme Court of Tennessee considered the point and said:

" It is urged, however, in the case before us that an amendment to 38 U. S. C. A., sec. 454, enacted by the Congress on August 12, 1935 (chapter 510, sec. 3, 49 U. S. Stat. at L., 609, 38 U. S. C. A., sec. 454a), carries the exemption further. The amendment is as follows:

" ' Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.'

" The argument is, since the father was the beneficiary of the policy, that the proceeds of the policy which the distributee of the father takes is a payment ' on account of a beneficiary ' and is therefore a payment exempt from creditors.

" This argument does not take into account all the language of 38 U. S. C. A., sec. 454a. The commuted value of this policy which the father's estate takes from the son's estate is not a payment made on account of ' a beneficiary under any of the laws relating to veterans.' If the father be called a beneficiary, rather than a distributee, as to the right of his estate to take this fund, still the father is not a beneficiary with respect to this fund ' under any of the laws relating to veterans.' He is a beneficiary, more properly a distributee, under the Tennessee statutes of descent and distribution.

" The Supreme Court of Wisconsin has considered 38 U. S. C. A., sec. 454a in *Re Bollow's Estate*, 223 Wis., 262; 270 N. W., 82; 109 A. L. R., 429, and held that section was ineffective to exempt the commuted value of an insurance policy, reverting to the insured after the beneficiary's death, from the claims of the insured's creditors. We see no tenable ground upon which the exemption could be carried even further to the distributee of the insured's estate or to the distributee of the insured's distributee."

The quoted views of the Tennessee court effectually dispose of the arguments of the administrator. The administrator must take steps promptly to bring into this estate the distributable

balance in the soldier's estate of which he also is fiduciary. The court will not hold him so much at fault as to impose upon him a penalty of interest for the delay, provided there is no further delay. The administrator is directed to file within ten days from the publication of this decision an affidavit showing what steps he has taken to reduce to his possession as administrator of James H. Maybury the funds received from the Veterans' Administration in the estate of Richard T. Maybury.

The objections to his inaction are sustained. The exact amount of the surcharge will depend upon the proofs to be made by the affidavit ordered to be filed. Specific rulings on the objections of Henry Greenspan are made as follows: Objection first is reserved for further rulings. Objection second is overruled. Objection third is overruled. Objection fourth is sustained since objectant has a preferred position over the creditors listed in Schedule D-2. Objection fifth is overruled. This creditor is conceded to be entitled to satisfaction of his claim first.

The objections of National City Bank of New York are disposed of as follows: Objections 1, 2 and 3 are reserved for further ruling. Objection 4 is overruled.

Upon the coming in of the affidavit hereinabove ordered filed the court will publish a further and final decision on the objections. Proceed accordingly.

(Supplemental opinion, March 4, 1940.)

By decision published heretofore (174 Misc. 246) all questions arising on this accounting were disposed of except such questions as related to the actual bringing into this estate of funds referred to in the prior decision and except for determination by the court as to whether any penalty would be imposed upon the administrator for lack of prior action on his part. In pursuance of the direction of the court in the published decision, all of the funds which properly belong in this estate have been brought into it. The court will not penalize the administrator in the circumstances by any requirement that he pay interest. The question involved was sufficiently important to warrant the raising of it and there has been no undue delay in disposing of the matter.

Since the fund is chargeable with the expenses necessarily incurred in its collection through the estate of Richard T. Maybury, the decree to be made will direct the payment of the bond premium remaining unpaid in that estate.

The objections 1, 2 and 3 of National City Bank are deemed satisfied by the collection now reported by the administrator. Objection first of objectant Greenspan is overruled.

Submit, on notice, decree settling the account in conformity with this and the prior decision.